IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| THE COUNTY OF GRAYSON, VIRGINIA, | ) |
| RICHARD VAUGHAN, IN HIS OFFICIAL CAPACITY AS SHERIFF OF GRAYSON COUNTY, VIRGINIA, | ) |
| and | ) |
| THE COUNTY OF CARROLL, VIRGINIA, | ) |
| Plaintiffs, | ) Case No. 7:13-cv-00384 |
| v. | ) |
| RA-TECH SERVICES, INC., | ) |
| JOHN T. SPANE, | ) |
| and | ) |
| DALE W. SUTPHIN, | ) |
| Defendants. | ) |

**MEMORANDUM SUPPORTING MOTION TO DISMISS
PURSUANT TO RULES 12(b)(6) and 9(b)**

**I. Summary of Primary Grounds for Motion to Dismiss**

This case features a complaint suffering from multiple defects. In what should be straightforward breach of contract litigation, the plaintiffs have attempted to leverage their breach of contract allegations into claims of fraud (Count I), constructive fraud (Count II), and fraud in the inducement (Count III). The various fraud claims must be dismissed because of the Economic Loss Rule, and because they are devoid of detail. They contain nothing but vague, conclusory allegations that do not meet either Virginia law or Rule 9(b) of the Federal Rules of Civil Procedure. Further, the complaint fails to set out any specific allegations at all

against John Spane individually. The contract claim itself is subject to a contractual statute of limitations that ran years before this lawsuit was filed. In addition to those defects in the complaint, plaintiff Sheriff Richard Vaughan was not a party to either contract at issue and is not a proper party to this litigation.

## II. Introductory Facts

On May 4, 2009, the counties of Carroll and Grayson (collectively the "Counties") issued a joint request for proposal for work to be done involving the counties' VHF and microwave communications systems used by the Counties' sheriffs' offices and the Twin County E-911 Center. (Complaint at ¶ 7 (Exhibit A to Doc. 1)). A company known as "Ra-Tech Services" was the successful bidder. (Complaint at ¶8). The work was completed at or about September, 2010, (Complaint at ¶13) and the Counties paid the amounts owed and all parties went their separate ways. Then, in 2013, the Counties and Sheriff Richard Vaughan filed suit in Carroll County Circuit Court, alleging fraud (Count I), constructive fraud (Count II), fraud in the inducement (Count III), and breach of contract (Count IV). It appears that the plaintiffs' main complaint regarding the work at issue was that the defendants did not use a particular brand of repeater when installing the systems. (Complaint at ¶11 ("Defendants installed radios that had been rigged together to form makeshift repeaters, rather than provide the significantly more expensive, high-quality repeaters specified in the Agreement")).

## III. Standard of Review

John T. Spane and Ra-Tech Services, Inc. seek dismissal of the complaint against them pursuant to Federal Rule of Civil Procedure 12(b)(6). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro,* 178 F.3d 231, 243-44 (4th Cir. 1999). A Rule 12(b)(6) motion to dismiss should be granted when the plaintiff fails to

2

allege facts that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal v. Ashcroft*, 129 S. Ct. 1937, 1949 (2009).

## IV. Argument

### A. **The plaintiffs' fraud claims fail as a matter of law against these defendants.**

#### a. Plaintiffs cannot make a tort out of duties that arise under a contract.

The Economic Loss Rule is a bedrock principle of Virginia law. It states generally that a Plaintiff may not recover in tort for damages suffered as a result of the breach of a duty assumed by agreement, as opposed to a duty imposed by law. *Filak v. George*, 267 Va. 612, 618, 594 S.E.2d 610, 613 (2004) (refusing to allow recovery under tort law where defendant induced plaintiff to buy an insurance policy via misrepresentation). This rule is a reflection of inherent differences between contract and tort: the controlling policy consideration underlying tort law is the protection of persons and property from injury. The controlling policy consideration underlying the law of contracts is the protection of bargained-for expectations. Under that distinction, the damages claimed in a particular case may more readily be classified between claims for injuries to persons or property on one hand, and economic losses on the other. *See Sensenbrenner v. Rust, Orling & Neale Architects, Inc.*, 236 Va. 419, 425, 374 S.E.2d 55, 58 (1988). In the landmark *Sensenbrenner* case, the Supreme Court of Virginia clarified that tort law is not designed to compensate parties for losses suffered as a result of a breach of duty assumed by agreement only. *Id.* at 424, 374 S.E.2d at 58.

Since *Sensenbrenner*, the Supreme Court of Virginia has further developed this prohibition on parties transforming contract claims into tort claims. In *Richmond Metropolitan Authority v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 558, 507 S.E.2d 344, 347 (1998), a municipal authority

3

27459/1/6387972v1

hired a private contractor to build a baseball stadium. *Id.* at 555, 507 S.E.2d at 345. The contractor submitted sworn payment applications and other contract documents stating that it had completed the work according to design specifications. *Id.* at 555-56, 507 S.E.2d at 345. Years later, the authority found that, notwithstanding its representations, the contractor had not complied with the specifications. *Id.* at 556, 507 S.E.2d at 345. The contractor had failed to inject grout into conduits within certain of the stadium's concrete structural members, or "bents." The grout would have enhanced the bents' structural integrity and made them more resistant to corrosion. *Id.* at 555-56, 507 S.E.2d at 345. In accordance with the design specifications, the contractor had sealed the grout tube openings, which gave the impression that the conduits were filled. *Id.*

The authority sued the contractor for breach of contract and fraud. *Id.* at 556, 507 S.E.2d at 346. The trial court dismissed the contract claim as time-barred and entered summary judgment for the contractor on the fraud claims. *Id.* at 556-57, 507 S.E.2d at 346. It found that the contractor's alleged misrepresentations had breached only duties assumed by contract. *Id.* at 557, 507 S.E.2d at 346.

The Supreme Court of Virginia affirmed the trial court's decision. The authority argued that the contractor's misrepresentations about its contract compliance, its physical concealment of its noncompliance, and its false payment applications comprised "separate and independent wrongs that [went] beyond [its] contractual duties" and supported causes of action for actual and constructive fraud. *Id.*

The court rejected this argument. *Id.* at 557, 507 S.E.2d at 346. It explained that whether a cause of action sounds in contract or tort depends on the source of the duty violated. *Id.* at 558, 507 S.E.2d at 347. Because each of the contractor's misrepresentations related to a duty specifically required by the contract, none of them could support a fraud claim. *Id.* at 559, 507 S.E.2d at 347. The trial court was therefore correct to dismiss the authority's fraud claims. *Id.*

4

In *Augusta Mutual Ins. Co. v. Mason*, 274 Va. 199, 645 S.E.2d 290 (2007), the Supreme Court of Virginia affirmed a trial court's judgment sustaining a demurrer to a fraud in the inducement claim because of the Economic Loss Rule. *Id.* at 208, 645 S.E.2d at 295. As that appellate court explained, "we continue in our commitment to safeguard against turning every breach of contract into an actionable claim for fraud." *Id.*; *see also Yuzefovsky v. St. John's Wood Apartments*, 261 Va. 97, 112, 540 S.E.2d 134, 142-43 (2001) (affirming a successful demurrer to a fraudulent inducement claim because the duty to refrain from making pre-contract representations of the safety of an apartment complex related to the contract the plaintiff was induced to sign (the lease), and not a common law duty.)

In *Filak v. George*, the Supreme Court of Virginia explicitly declined to recognize a common law duty to be truthful between parties to a contract in upholding a demurrer to a constructive fraud claim. 267 Va. at 618-20, 594 S.E.2d at 613-15. The defendant had allegedly lied about a fire insurance policy and what exactly it provided, in order to get the plaintiffs to purchase the policy. *Id.* at 611-612. According to the plaintiffs, the insurance agent had promised she would procure them a policy that would pay the full replacement cost of their house "within a few days" if it burned down. *Id.* But the policy the plaintiffs received only paid an amount equivalent to the actual damage to the house in the immediate aftermath. Further, the policy only paid full replacement costs if the homeowners in fact rebuilt the house within six months of receiving payment for actual damage. *Id.* Needless to say, the plaintiffs did not rebuild the house within six months, did not receive amounts for full replacement costs, and sued the insurance agent for breach of contract, fraud and constructive fraud. Citing *McDevitt Street* heavily, the Supreme Court of Virginia determined that the insurance agent's failure to procure the plaintiffs the type of policy she had promised them did not establish any duties in law. Her only duties to the plaintiffs were to comply with the oral contract she had made with them to obtain that type of

5

policy. *Id.* at 613. The Supreme Court upheld the circuit court's demurrer to the constructive fraud claim, noting: "[t]he plaintiffs contend that the 'economic loss rule' does not bar their constructive fraud claim because George had a 'common law duty' to be truthful to them. We disagree with the plaintiffs' arguments." *Id.*

Here, as in *Filak v. George* and *McDevitt Street*, the plaintiffs' essential complaint is that they did not get what the defendants promised them in the Contract. That is a breach of contract claim, not a tort claim. Assuming plaintiffs' allegations are true, they allege only that Ra-Tech Services, Inc. made a faulty prediction of its ability to fulfill the Contract's obligations—*i.e.* provide systems that featured Kenwood Repeaters. Plaintiffs also allege that the defendants submitted invoices claiming they had done the work in accordance with the contracts. That is the <u>exact</u> situation presented in *McDevitt Street Bovis, Inc.*, except in that case the defendants submitted sworn affidavits that they had done the work according to contract, rather than submitting mere invoices. 256 Va. at 555-56, 507 S.E.2d at 345. Furthermore, the source of the duty allegedly violated here is the duty to deliver the bargained-for product—a duty derived wholly from the Contract. The supposed fraud derives wholly from contractual duties (*e.g.*, the duty to deliver a particular product).

It is particularly telling that the plaintiffs here seek identical compensation for their contract and tort claims—$1,061,893.00—based on the same predicate acts. (Complaint at ¶¶ 21, 25, 31 and 33). In *Filak v. George*, the Supreme Court of Virginia found that the plaintiffs' attempt to recover identical damages for breach of contract and constructive fraud illustrated the purely economic nature of their loss. *Id.* at 618, 594 S.E.2d at 613. The same reasoning applies here. The Court should dismiss Counts I (fraud), II (constructive fraud) and III (fraud in the inducement) with prejudice.

6

### b. Plaintiffs have failed to plead their fraud claims with particularity or specificity.

Even if Virginia law allowed the plaintiffs to transform a breach of contract claim into a fraud claim, Counts I, II and III would still fail 12(b)(6) analysis because the allegations of fraudulent behavior lack requisite particularity and specificity under federal and Virginia law.

Federal Rule of Civil Procedure 9(b) requires that allegations of fraud must be made with particularity. *Walker v. Serv. Corp. Int'l*, 2011 U.S. Dist. LEXIS 39856, 11-12 (W.D. Va. Apr. 12, 2011). Under that rule, "[a] plaintiff claiming fraud must 'plead with particularity the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Id.* (quoting *In re Mutual Funds Investment Litigation*, 566 F.3d 111, 120 (4th Cir. 2009)).

Similarly, Virginia law rejects fraud claims where they are couched in vague, conclusory allegations. *See Ward's Equipment, Inc. v. New Holland North America, Inc.*, 254 Va. 379, 385, 493 S.E.2d 516, 520 (1997) ("Generalized, nonspecific allegations, such as those contained in this complaint, are insufficient to state a valid claim of fraud."); see also *Tuscarora, Inc. v. B. VA. Credit Corp.*, 218 Va. 849, 858, 241 S.E.2d 778, (1978).

In *Tuscarora*, the plaintiffs alleged actual or constructive fraud occurred when a corporate defendant "made an advance which it knew would not be used for [the purposes of the original load], in representing to [trustees], that the loan to be accorded priority was a construction loan, and in not advising [trustees] that the advance would not be used to pay for the land." *Id.* In affirming the trial court's decision to sustain demurrers to the fraud and constructive fraud claims, the Supreme Court of Virginia noted that the factual allegations lacked the specificity necessary to constitute valid claims under Virginia law. The complaint lacked "the identities of the agents, officers, and employees of [the defendant] who are alleged to have perpetrated the fraud" as well

7

as important details of time and place. *Id.* at 858, 783.

Here, the complaint's allegations suffer from the same defects as the pleadings in *Walker v. Serv. Corp. Int'l* and *Tuscarora*. Paragraphs 12 through 15 of the complaint contain the only allegations that approach <u>factual</u> allegations:

> 12. . . . Defendants knowingly and falsely represented to the Plaintiffs that all specifications had been met and that Ra-Tech had performed its obligations in full conformity with the Agreement.
>
> 13. Defendants knowingly and intentionally submitted false payment applications to Plaintiffs for the purpose of inducing the Plaintiffs to pay Ra-Tech for work that was not performed and equipment that was not provided. On or about September 28, 2010, Defendants represented to the Plaintiffs that the work had been completed as called for in the Agreement, and issued final invoices to the Plaintiffs.
>
> 14. Defendants concealed the unauthorized substitutions of inferior, substandard and defective equipment from the Plaintiffs, and instead falsely represented that the work had been performed in accordance with all contract specifications, with the intention that the Plaintiffs would rely upon these false representations.
>
> 15. . . . Despite issuing invoices for the full contractual amounts and receiving payment for same, Ra-Tech failed to perform in accordance with the Agreements.[1]

None of these allegations provide the slightest detail into what the plaintiffs think was misrepresented. Under Fed. R. Civ. Pro. 9(b), these allegations fail. The complaint fails to set out four of the five requirements generally recognized by federal courts in the 4th Circuit: (1) the place, (2) the contents of the false representations, (3) the identity of the person making the misrepresentation and (4) what he obtained from it, are all left out. The complaint only provides one instance of timing, alleging that the defendants submitted a final invoice "on or about" September 28, 2010. These are exactly the kind of vague, conclusory allegations that fail under Fed. R. Civ. Pro. 9(b) and Virginia law.

---

[1] While there are other paragraphs involving these claims, they merely provide formulaic recitals of the elements necessary to prove fraud, constructive fraud and fraudulent inducement, and give no additional detail other than that laid out above.

8

### c. The fraud, constructive fraud, and fraudulent inducement allegations are not directed at John Spane.

Even if plaintiffs could create a tort from a contract, and even if they had alleged Counts I, II and III with sufficient specificity against Ra-Tech Services, Inc., the plaintiffs have failed entirely to state a claim against Spane. None of the allegations in the fraud, constructive fraud or fraudulent inducement claims even mention his name, let alone provide sufficient detail to support a valid claim against him. If the Court should decline to dismiss Counts I, II and III against Ra-Tech Services, Inc., it should at least dismiss them as against John T. Spane, for these reasons and the reasons articulated above.

### B. <u>Breach of Contract (Count IV)</u>

#### a. Contractual statute of limitations bars the plaintiffs' breach of contract claim.

Plaintiffs base Count IV on the agreements between "Ra-Tech Services" and the Counties.[2] The agreement between "Ra-Tech Services" and Carroll County was included in the complaint as Exhibit A (Docket No. 1-2), and the supposed agreement between "Ra-Tech Services" and Grayson County was Exhibit B (Docket No. 1-3). Accordingly, in ruling on the defendants' Motion, the Court is authorized to refer to the terms of these documents. Fed. R. Civ. Pro. 10(c); *see also, e.g., Danik v. Hous. Auth.*, 396 Fed. Appx. 15, 16 (4th Cir. Md. 2010) (interpreting Fed. R. Civ. Pro. 10(c) to mean that all exhibits attached to a plaintiff's complaint are part of that pleading for purposes of a 12(b)(6) motion to dismiss).

The plain language of the contracts that the Counties themselves drafted bars this breach of contract action. Section 20 of the contract is titled "**Contractual Claims Procedure**," and it states as follows:

*A.* Contractual claims or disputes, whether for money or other relief, except for

---

[2] Complaint at ¶ 9: "On or about July 9, 2009, Ra-Tech entered into "Microwave and VHF Radio System Purchase Agreements" (the "Agreements") with the Plaintiffs. Copies of the Agreements are attached hereto as Exhibit A (Carroll County) and Exhibit B (Grayson County).

> claims or disputes exempted by law from the procedure set forth herein, <u>shall be submitted in writing no later than sixty (60) days after final payment</u>; provided, however, that Company shall give the Counties written notice of its intention to
>
> file a claim or dispute within fifteen *(15)* days after the occurrence upon which the claim or dispute shall be based. . . .

(Docket No. 1-2, pdf p. 42; Docket No. 1-3, pdf p. 44) (emphasis added). Plaintiffs allege that final payment invoices were submitted by the defendants on September 28, 2010. The contracts called for final payment of 25% of the overall cost upon completion of the project (Docket No. 1-2, pdf p. 2) (Docket No. 1-3, pdf p. 3). Final payment would therefore have taken place sometime in late 2010 or early 2011, and the plaintiffs in fact allege they did make timely, proper final payment. (Complaint at ¶ 15) ("[T]he Plaintiff's [sic] made payment to Ra-Tech in the amount of one million, sixty one thousand, eight hundred and ninety-three dollars ($1,061,893.00).") Despite the contractual provision demanding notice of a claim or dispute within 60 days of final payment, there is no indication in the complaint that the plaintiffs notified the defendants under Section 20 at any point.[3] The defendants cannot show that they complied with Section 20, and their breach of contract claim should be dismissed.

### b. On the face of the complaint, the plaintiffs have no breach of contract claim against John T. Spane.

The plaintiffs' breach of contract claim is directed only at Ra-Tech Services, Inc. (Complaint at ¶ 4 ("Ra-Tech Services, Inc. is a North Carolina Corporation")), and does not allege that John Spane was a party to the contracts between Ra-Tech Services and the Counties (Complaint at ¶ 9 ("Ra-Tech entered into 'Microwave and VHF Radio System Purchase Agreements' . . . with the Plaintiffs")). Moreover, the attached agreements themselves make it clear that only "Ra-Tech Services" is a party to the agreements—not Spane. (Docket Nos. 1-2, 1-

---

[3] While not admissible for the purposes of Rule 12(b)(6) considerations, the first notice of claim letter received by Ra-Tech Services, Inc. and Spane, was not sent until April 15, 2013, almost two years after it would have been due under the contract.

27459/1/6387972v1

3). As such, Spane has no duties under the contract, and the Court should dismiss the breach of contract claim against Spane.

## C. **Plaintiff Richard Vaughan is not a proper party to this lawsuit**

As explained above, the only parties to the agreements are the respective counties and "Ra-Tech Services." (Docket Nos. 1-2, 1-3). Sheriff Vaughan may or may not have signed the agreement between Grayson County and "Ra-Tech Services"[4] as agent or employee, but the agreements gave rise to no duties on his part and conferred him no benefits. He has no breach of contract claim against any of the defendants. Sheriff Vaughan also gives no explanation, nor can he, how he was damaged in any way by the alleged fraud (Count I), constructive fraud (Count II) or fraud in the inducement (Count III). He is not a proper party to this lawsuit, and should be dismissed from this case.

## V. CONCLUSION

WHEREFORE, defendants Ra-Tech Services, Inc. and John T. Spane respectfully request that the Court dismiss all the plaintiffs' claims against them with prejudice.

Respectfully submitted this 23rd day of August, 2013.

---

[4] The copy of the agreement provided by the plaintiffs regarding the signature page of the agreement between Grayson County and "Ra-Tech Services" shows no signature of anyone. (Docket No., 1-3, pdf p. 3).

GENTRY LOCKE RAKES & MOORE, LLP

/s/ Gregory D. Habeeb
Gregory J. Haley, Esq. (VSB No. 23971)
Gregory D. Habeeb, Esq. (VSB No. 46926)
Daniel R. Sullivan, Esq. (VSB No. 81550)
SunTrust Plaza
10 Franklin Road, Suite 800
P.O. Box 40013
Roanoke, VA 24022-0013
540.983.9351 Direct
540.983.9451 Fax
E-Mail: haley@gentrylocke.com
habeeb@gentrylocke.com
sullivan@gentrylocke.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of August, 2013, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

James E. Cornwell (VSB No. 13983)
Stephen V. Durbin (VSB No. 70963)
Sands Anderson P.C.
P.O. Box 2009
Christiansburg, VA 24068
*Counsel for plaintiffs*

In addition, a true and correct copy of the foregoing instrument was sent by U.S. Mail, first class, to defendant Dale W. Sutphin, at his last known address.

/s/ Gregory D. Habeeb