CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 12 2013

JULIA C. DUDLEY, CLERK
BY: /s/ Moody
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| THE COUNTY OF GRAYSON, ET AL., ) | |
| ) | Civil Action No. 7:13CV00384 |
| Plaintiffs, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| ) | By: Hon. Glen E. Conrad |
| RA-TECH SERVICES, INC., ET AL., ) | Chief United States District Judge |
| ) | |
| Defendants. ) | |

This case is presently before the court on defendants RA-Tech Services, Inc. and John T. Spane's motion to dismiss the plaintiffs' amended complaint under Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. For the following reasons, the defendants' motion to dismiss will be granted in part and denied in part.

**Factual and Procedural Background**

This action arises out of contractual agreements between Carroll County, Grayson County, and RA-Tech Services, Inc. ("RA-Tech") providing for the expansion, installation, and maintenance of communications systems used by local law enforcement and emergency services. At the center of this litigation are the plaintiffs' allegations that the defendants substituted inferior, substandard, and defective equipment for the equipment specified in the agreements; entered into the agreements with the present intention not to install the specified equipment; and concealed these substitutions in order to induce the plaintiffs to award RA-Tech with additional maintenance and repair contracts.

The plaintiffs—the County of Grayson, Virginia; Richard Vaughan, in his official capacity as Sheriff of Grayson County; and the County of Carroll, Virginia—filed a complaint

alleging fraud and breach of contract in the Circuit Court for the County of Carroll, Virginia on July 9, 2013. The defendants—RA-Tech, John T. Spane, and Dale W. Sutphin—removed the suit on August 19, 2013 under this court's diversity jurisdiction. Mr. Spane and Mr. Sutphin are owners and officers of RA-Tech. All plaintiffs are citizens of Virginia, while all defendants are citizens of North Carolina. The plaintiffs filed an amended complaint on September 13, 2013, seeking $1,061,893 in compensatory damages and $350,000 in punitive damages as a result of the defendants' alleged fraudulent conduct and breach of contract.

The following facts, taken from the plaintiffs' amended complaint, are accepted as true for purposes of the motion to dismiss. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). In May 2009, plaintiffs Carroll County and Grayson County issued a Request for Proposals ("RFP") for the "expansion, installation[,] and maintenance of certain improvements to the pre-existing VHF and microwave communications systems" used by local law enforcement and emergency services. Am. Compl. ¶ 7, Docket No. 10. In the RFP, the counties reserved the right to separately award contracts for ongoing maintenance services for the systems. Id. at ¶ 8. In June 2009, RA-Tech submitted its proposal in response to the RFP, knowing that it was the only proposal submitted. Id. at ¶¶ 9, 10. The counties selected RA-Tech as the successful vendor, and in July 2009, the parties entered into the "Microwave and VHF Radio System Purchase Agreements." Id. at ¶¶ 9, 11.

Under the terms of the agreements, RA-Tech would "upgrade, reconfigure[,] and expand the [counties'] radio communications systems," "achieve interoperability" between the counties' systems and the City of Galax's system, and "provide and install numerous specific items of hardware, including but not limited to Kenwood TKR-7400P 110W P25 repeaters." Id. at ¶ 12. Any changes to the terms of the agreements were required to be in writing. Id. at ¶ 13. The

defendants, however, failed to provide the equipment as specified in order to increase their profits at the plaintiffs' expense. Id. at ¶ 15. Instead, the defendants substituted the specified equipment with "inferior, substandard[,] and defective equipment."[1] Id. at ¶ 16. For example, the defendants "installed radios that had been rigged together to form makeshift repeaters, rather than provide the significantly more expensive, high-quality repeaters specified in the [agreements.]" Id. at ¶ 15.

The defendants concealed the unauthorized substitutions of inferior equipment, falsely represented to the plaintiffs that all specifications had been met, and submitted false invoices for the purpose of inducing the plaintiffs to issue full payment under the agreements and award additional maintenance work to RA-Tech. Id. at ¶¶ 17, 20–22. The plaintiffs did, in fact, make full payment as set forth in the agreements, and they awarded additional maintenance and repair work to RA-Tech in reliance on the defendants' false representations. Id. at ¶¶ 21–22. The plaintiffs continued to pay RA-Tech for that maintenance work until May 2013. Id. at ¶ 19.

On September 13, 2013, the plaintiffs filed an amended complaint asserting that the defendants committed fraud, constructive fraud, fraud in the inducement, and breach of contract in connection with the communications systems agreements. On September 30, 2013, defendants RA-Tech and Spane moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state any claim upon which relief can be granted. The defendants also moved to dismiss Sheriff Vaughan as a plaintiff to this litigation on the basis that he was not a party to either contract at issue. The plaintiffs filed a response on October 15, 2013, asking the court to deny the motion. The court heard oral argument on the motion on October 28, 2013. The matter is therefore ripe for disposition.

---

[1] Alternatively, the plaintiffs allege that RA-Tech replaced the specified equipment with inferior equipment while conducting maintenance work on the systems, and converted the specified equipment to their own use and benefit.

**Discussion**

I. **Legal Standard**

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint; it does not "resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." See Butler v. United States, 702 F.3d 749, 752 (4th Cir. 2012) (quoting Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). When ruling on the defendants' motion to dismiss, this court must accept all facts alleged in the complaint as true, drawing all reasonable inferences in favor of the plaintiffs. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Erickson, 551 U.S. at 94. However, this court need not accept as true any legal conclusion disguised as a factual allegation. Iqbal, 556 U.S. at 679–81. The plaintiffs' factual allegations need not be detailed, but they must offer more than "labels and conclusions" or a "formulaic recitation of the elements of [the] cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). These facts must "be enough to raise a right to relief above the speculative level." Id.

Fraud claims are subject to a heightened pleading standard under the Federal Rules of Civil Procedure. Rule 9(b) requires that a party "alleging fraud . . . must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). Under that rule, the claimant must plead with particularity "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999). "[L]ack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)." Id. at 783 n.5.

II. **Analysis**

As a preliminary matter, the court finds that Richard Vaughan, in his official capacity as

4

Sheriff of Grayson County, Virginia, cannot properly be dismissed as a party to this litigation upon the defendants' 12(b)(6) motion. While all parties acknowledge the existence of an agreement between RA-Tech and Grayson County, the written contract specifically names the Grayson County Sheriff's Office as the contracting party, and Sheriff Vaughan is named as the signatory party to the contract on behalf of that office. Am. Compl. Exhibit B at 3, Docket No. 10-2. While it may ultimately be determined that the counties, alone, are the proper plaintiffs to this suit, the issue will require the court to consider evidence outside the pleadings, and is, therefore, more appropriately considered upon a motion for summary judgment or at trial.

Further, the court finds that the plaintiffs have failed to state any claim upon which relief can be granted against the individual defendants, John T. Spane and Dale W. Sutphin.[2] The plaintiffs' complaint alleges conduct by the individual defendants only in their capacities as owners and officers of the corporate defendant, RA-Tech. Whether a court should "pierce the corporate veil" is a question of state law, and no argument or evidence in the record suggests that the "unity of interest and ownership is such that the separate personalities of the corporation and the individual[s] no longer exist." O'Hazza v. Executive Credit Corp., 246 Va. 111, 115 (1993). Accordingly, Mr. Spane and Mr. Sutphin will be dismissed as defendants in this action.

For the following reasons, Counts I (Fraud) and II (Constructive Fraud) against RA-Tech will also be dismissed, but the motion to dismiss Counts III (Fraud in the Inducement) and IV (Breach of Contract) against RA-Tech will be denied.

### A.    Counts I, II, and III: Fraud

The defendants move to dismiss Count I (Fraud), Count II (Constructive Fraud), and

---

[2] Despite defendant Sutphin's failure to move for dismissal, the court will sua sponte dismiss the complaint against him for failure to state a claim. "Where the face of a complaint plainly fails to state a claim for relief, a district court has 'no discretion' but to dismiss it." Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655 n.10 (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)).

5

Count III (Fraud in the Inducement) on the basis that Virginia's economic loss rule prohibits the plaintiffs from leveraging their alleged breach of contract claim into tort claims of fraud. Further, the defendants assert that even if the claims are not barred by the economic loss rule, the plaintiffs have failed to meet the specific standards for pleading fraud outlined in Federal Rule of Civil Procedure 9(b).

Virginia's economic loss rule "is intended to preserve the bedrock principle that contract damages be limited to those within the contemplation and control of the parties in framing their agreement." Richmond v. Madison Mgmt. Group, 918 F.2d 438, 446 (4th Cir. 1990) (internal citation and quotation marks omitted). The rule "prevents a plaintiff, whose only legitimate ground of complaint is that a contract has been breached, from collecting in a tort action both economic loss damages and damages generally cognizable in tort." Id. "[T]he absence of such a limitation on damages in tort actions has 'led to the 'more or less inevitable efforts of lawyers to turn every breach of contract into a tort.'" S. Coal Sales Corp. v. Xcoal Energy & Res., No. 7:12CV00265, 2013 WL 417789, at *3 (W.D. Va. Feb. 1, 2013) (citing Kamlar Corp. v. Haley, 224 Va. 699, 706 (1983)). "[L]osses suffered as a result of the breach of a duty assumed only by agreement, rather than a duty imposed by law, remain the sole province of the law of contracts." Filak v. George, 267 Va. 612, 618 (2004).

However, when the tort alleged is fraud perpetrated before a contract between the parties came into existence, it cannot logically follow that the source of the duty breached was the contract. See Abi-Najm v. Concord Condominium, 280 Va. 350, 363 (2010). Therefore, the economic loss rule does not bar claims of fraud in the inducement. Cutaia v. Radius Eng'g Intern, Inc., No. 5:11CV00077, 2013 WL 5491868, at *4 (W.D. Va. Oct 2, 2013); see also S. Coal Sales Corp., 2013 WL 417789, at *4 (citing several Virginia Supreme Court and Fourth Circuit cases recognizing that claims of fraud in the inducement are not barred by the economic

6

loss rule). This exception to the economic loss rule applies only when the fraudulent inducement is committed through misrepresentations concerning present or pre-existing facts, not when the fraud is "predicated on unfulfilled promises or statements as to future events." Colonial Ford Truck Sales, Inc. v. Schneider, 228 Va. 671, 677 (1985). When "a defendant makes a promise that, when made, he has no intention of performing, that promise is considered a misrepresentation of present fact." Marcano v. Fox Motors, Inc., No. 1:11CV16, 2011 WL 1326999, at *4 (E.D. Va. Apr. 7, 2011) (internal citations and quotation marks omitted).

To the extent that the plaintiffs argue that RA-Tech committed fraud or constructive fraud—other than fraud in the inducement—the court finds that these claims are barred by the economic loss rule. Any duty that RA-Tech had to procure and install the specified equipment, obtain written approval before making substitutions, submit accurate invoices, and make truthful representations about fulfilling the contract terms arose under the agreements between the counties and RA-Tech. See Richmond Metropolitan Authority v. McDevitt Street Bovis, Inc., 256 Va. 553, 559 (1998) (finding that defendant's alleged failure to "inject grout into the conduits," "fill the grout tubes before cutting them off and sealing them," "submit accurate applications for payments," and "present an accurate certificate of substantial completion" did not give rise to a cause of action for actual fraud); Dunn Const. Co. v. Cloney, 278 Va. 260, 268 (2009) ("The fact that the representation was made in order to obtain payment . . . does not take the fraud outside of the contract relationship . . . ."). Accordingly, Counts I and II against RA-Tech will be dismissed.

The plaintiffs' claim of fraud in the inducement—premised on RA-Tech's present intention at the time of contracting not to perform its obligations—is not barred by the economic loss rule. However, it remains subject to the heightened pleading standard outlined in Federal Rule of Civil Procedure 9(b). "To state a cause of action for fraudulent inducement of contract

7

under Virginia law, a plaintiff must allege that the defendant made misrepresentations [that] were positive statements of fact, made for the purpose of procuring the contract; that they are untrue; that they are material; and that the party to whom they were made relied upon them, and was induced by them to enter into the contract." Enomoto v. Space Adventures, Ltd., 624 F. Supp. 2d 443, 452 (E.D. Va. 2009) (internal quotation marks and citations omitted). The plaintiff must plead with particularity "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison, 176 F.3d at 784.

Here, the plaintiffs allege that when the defendant submitted its proposal in June 2009, RA-Tech "knew that the representations contained in [its] proposal were false." Am. Compl. ¶ 23, Docket No. 10. Further, the plaintiffs allege that RA-Tech "entered into the [a]greements with no intention of performing in accordance" therewith. Id. at ¶ 14. Specifically, RA-Tech entered the agreements "with the present intention of defrauding the [p]laintiffs by later substituting unauthorized and inferior equipment and billing the [p]laintiffs as if the [a]greements had been complied with in full." Id. at ¶ 26. As part of this alleged scheme, RA-tech substituted "installed radios that had been rigged together to form makeshift repeaters" for the "more expensive, high-quality" Kenwood repeaters specified in the contract. Id. at ¶ 15. The plaintiffs aver that RA-Tech acted "in order to increase [its] own profits at the expense of [the] [p]laintiffs." Id.

Further, RA-Tech allegedly "concealed the unauthorized substitutions of inferior, substandard and defective equipment from the [p]laintiffs," and "knowingly and intentionally submitted false payment applications to [the] [p]laintiffs for the purpose of inducing the [p]laintiffs to award additional maintenance work to R[A]-Tech." Id. at ¶¶ 17, 20. The plaintiffs aver that "[i]n justifiable reliance on [RA-Tech's] false representations that the work and

8

equipment had been provided and completed in accordance with the[a]greement," they, in fact, "awarded maintenance work to R[A]-Tech." Id. at ¶ 21.

Based upon the plain language of the complaint, the plaintiffs have alleged an actionable claim for fraud in the inducement. See, e.g., Marcano, 2011 WL 1326999, at *4; Abi-Najm, 280 Va. at 363–64. Accordingly, the motion to dismiss Count III against RA-Tech will be denied.

### B. Count IV: Breach of Contract

Finally, the defendants move to dismiss Count IV of the plaintiffs' amended complaint on the basis that a contractual provision bars the breach of contract claim as untimely. In response, the plaintiffs assert that the defendants misconstrue the contractual provision, which imposes a reporting obligation only on the defendants. The plaintiffs clearly filed their breach of contract claim within the five-year statute of limitations established by Virginia law. Va. Code Ann. § 8.01-246(2). In this particular case, the court finds that further evaluation of the timeliness of the plaintiffs' claim is more properly undertaken upon a motion for summary judgment or at trial. Accordingly, the defendants' motion to dismiss the plaintiffs' breach of contract claim against RA-Tech will be denied.

### Conclusion

For the reasons stated, the defendants' motion to dismiss will be granted in part and denied in part. All claims against defendants Spane and Sutphin will be dismissed, and the case will continue on the claims for fraud in the inducement and breach of contract against RA-Tech. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to Dale W. Sutphin and all counsel of record.

ENTER: This 12th day of November, 2013.

_____
Chief United States District Judge