CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 1 2 2014

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| THE COUNTY OF GRAYSON, ET AL., | ) | |
| | ) | Civil Action No. 7:13CV00384 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | By: Hon. Glen E. Conrad |
| RA-TECH SERVICES, INC., ET AL., | ) | Chief United States District Judge |
| | ) | |
| Defendants. | ) | |

This case is presently before the court on the plaintiffs' motion for reconsideration of the order entered by the court on November 12, 2013. Specifically, the plaintiffs seek reconsideration of the court's dismissal of the fraud in the inducement claim against the individual defendants, John Spane and Dale Sutphin. For the reasons given below, the motion for reconsideration will be denied, but the plaintiffs will be granted leave to amend their complaint.

## Background

As described in more detail in the court's previous memorandum opinion, this case arises out of contractual agreements between Carroll County, Grayson County, and RA-Tech Services, Inc. ("RA-Tech"), providing for the expansion, installation, and maintenance of communications systems used by local law enforcement and emergency services. The plaintiffs' amended complaint alleged that the defendants committed fraud, constructive fraud, fraud in the inducement, and breach of contract in connection with the communications systems agreements. Defendants RA-Tech and John Spane moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6).

On November 12, 2013, the court granted in part and denied in part the defendants' motion to dismiss the plaintiffs' amended complaint. In relevant part, the court determined that the complaint failed to state a claim upon which relief could be granted against the individual defendants, John Spane

and Dale Sutphin. Accordingly, Mr. Spane and Mr. Sutphin were dismissed as defendants in this case.

Shortly thereafter, the plaintiffs filed the instant motion, pursuant to Federal Rule of Civil Procedure 59(e), asking the court to reconsider its ruling with respect to the plaintiffs' fraud in the inducement claim against Mr. Spane and Mr. Sutphin. The defendants responded, and on December 19, 2013, the case came before the court for oral argument on the motion. As a result of the hearing, the court invited additional briefing. The plaintiffs filed a supplemental brief on January 9, 2014, to which the defendants have responded. The matter is now ripe for disposition.

<strong>Discussion</strong>

## I.      Legal Standard

"A Rule 59(e) motion may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice.'" Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (citing Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). Reconsideration may be appropriate where "the [c]ourt has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983); accord United States v. Smithfield Foods, Inc., 969 F. Supp. 975, 977 (E.D. Va. 1997). This is an extraordinary remedy that should be used sparingly and granted only under exceptional circumstances. Mayfield, 674 F.3d at 378.

## II.     Analysis

The plaintiffs seek reconsideration under Rule 59(e) because "the court dismissed the fraud in the inducement claim [against the individual defendants] on a theory the parties did not brief." Br. Supp. Mot. Recons. 2, Docket No. 23. Specifically, the plaintiffs aver that "the only reason the [c]ourt ruled that the [f]irst [a]mended [c]omplaint was deficient with respect to Messrs. Sutphin and Spane is

because, the [c]ourt held, the RA-Tech corporate veil had not been pierced." Id. at 3. The plaintiffs misunderstand the court's reasoning.

The court dismissed defendants Spane and Sutphin because the plaintiffs' amended complaint "failed to state any claim upon which relief [could] be granted against the individual defendants." Mem. Op. 5, Nov. 12, 2013, Docket No. 19. Addressing an argument raised at the hearing on the defendants' motion to dismiss, the court also recognized that the amended complaint failed to allege any facts suggesting that the corporate veil should be pierced, and the individual defendants held liable, for the surviving claims against the corporate defendant. Id. Accordingly, the court dismissed the individual defendants from the action.

Upon review of the plaintiffs' amended complaint, the court continues to believe that the plaintiffs failed to state a fraudulent inducement claim against the individual defendants. As the court explained in its previous memorandum opinion, "to state a cause of action for fraudulent inducement of contract under Virginia law, a plaintiff must allege that the defendant made misrepresentations [that] were positive statements of fact; made for the purpose of procuring the contract; that they are untrue; that they are material; and that the party to whom they were made relied upon them, and was induced by them to enter into the contract." Enomoto v. Space Adventures, Ltd., 624 F. Supp. 2d 443, 452 (E.D. Va. 2009). A promisor's intention not to perform, held at the time he makes the promise, is a misrepresentation of present fact. See, e.g., Colonial Ford Truck Sales, Inc. v. Schneider, 228 Va. 671, 677 (Va. 1985).

Further, the complaint must satisfy the heightened pleading standard for fraud under Federal Rule of Civil Procedure Rule 9(b). The plaintiffs must include specific facts regarding "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999). While the plaintiffs may generally allege "intent, knowledge, and other

3

conditions of [the defendants'] mind[s]," those allegations must satisfy Rule 8(a)(2), as further defined by Twombly and Iqbal. Fed. R. Civ. P. 9(b); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above a speculative level.").

Here, the complaint contains conclusory assertions with respect to the state of mind of the individual defendants prior to and at the time of contracting. For example:

> The Defendants intentionally made false written and oral representations to the Plaintiffs in the form of R[A]-Tech's proposal and statements in support of the proposal in order to induce the Plaintiffs into entering the Agreements, with the present intention of defrauding the Plaintiffs by later substituting unauthorized and inferior equipment and billing the Plaintiffs as if the Agreements had been complied with in full."

Am. Compl. ¶ 37, Sept. 13, 2013, Docket No. 10.

However, the plaintiffs provide no facts to support their allegation that Mr. Spane and/or Mr. Sutphin intentionally specified Kenwood repeaters in Ra-Tech's proposal for the purpose of procuring the contract, but never intended to provide the equipment specified. The plaintiffs have not alleged, for example, that the defendants knew that the use of Kenwood repeaters was of particular importance to the counties; that the compatibility of the counties' systems depended upon the use of Kenwood repeaters; that the parties bargained for Kenwood repeaters as part of their negotiations; or that the counties' request for proposals expressly solicited Kenwood repeaters. Stated differently, the amended complaint contains no allegations of circumstantial evidence, much less direct evidence, supporting the inference that Mr. Spane or Mr. Sutphin knew that the Kenwood repeaters were material, and used that knowledge to induce the plaintiffs to accept RA-Tech's proposal. In short, the court continues to believe that the amended complaint, as presently structured, fails to state any facts from which it can be inferred or implied that the individual defendants participated in the bidding process with fraudulent

4

intent.

These same deficiencies have caused the court to question its earlier ruling as to whether the fraud in the inducement claim against the corporate defendant, RA-Tech, can survive a motion for judgment as a matter of law. A corporation acts only through its agents. For the reasons already discussed, the amended complaint is insufficient to state a fraud in the inducement claim against either Mr. Spane or Mr. Sutphin, who are the only RA-Tech agents mentioned in the amended complaint.

Accordingly, the court will afford the plaintiffs an opportunity to fortify their complaint by alleging specific facts showing that the defendants possessed the requisite state of mind to commit fraud in the inducement. In the absence of such specific allegations, it may be appropriate for the court to dismiss the fraud in the inducement claim as against RA-Tech.

## Conclusion

For the foregoing reasons, the court will deny the plaintiffs' motion for reconsideration. Additionally, after further review, the court questions its earlier ruling allowing the fraud in the inducement claim to go forward against the corporate defendant. Unless the plaintiffs can properly fortify their fraud in the inducement claim, it may be necessary for the court to dismiss that claim against RA-Tech. The plaintiffs shall have twenty (20) days to amend their complaint with respect to the fraud in the inducement claim against all defendants, and the defendants shall have twenty (20) days to file a response.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to Dale W. Sutphin and all counsel of record.

ENTER: This ___12th___ day of March, 2014.

_____
Chief United States District Judge