CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 29 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| THE COUNTY OF GRAYSON, ET AL., | ) |
| | ) Civil Action No. 7:13CV00384 |
| Plaintiffs, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| | ) By: Hon. Glen E. Conrad |
| RA-TECH SERVICES, INC., ET AL., | ) Chief United States District Judge |
| | ) |
| Defendants. | ) |

This case is presently before the court on the motion to dismiss the plaintiffs' second amended complaint filed by defendants John Spane and RA-Tech Services, Inc. ("RA-Tech"). Specifically, the defendants request that the court dismiss with prejudice all claims against the individual defendants and the fraud in the inducement claim against RA-Tech. For the reasons given below, the motion will be granted.

## Background

As described in more detail in the court's previous memorandum opinions, this action arises out of contractual agreements between Carroll County, Grayson County, and RA-Tech providing for the expansion, installation, and maintenance of communications systems used by local law enforcement and emergency services. In their first amended complaint, the plaintiffs asserted that the defendants committed fraud, constructive fraud, fraud in the inducement, and breach of contract in connection with the communications systems agreements. On November 12, 2013, the court dismissed the first amended complaint in its entirety as against the individual defendants, Mr. Spane and Mr. Sutphin. The court also dismissed the fraud and constructive fraud claims against the corporate defendant, RA-Tech. The court ordered the case to proceed only on the claims for fraud in the inducement and breach of contract against RA-Tech.

Shortly thereafter, the plaintiffs filed a Rule 59(e) motion, asking the court to reconsider its ruling with respect to the plaintiffs' fraud in the inducement claim against the individual defendants. On March 12, 2014, the court denied the plaintiffs' motion for reconsideration. Recognizing that a corporation acts only through its agents, the court acknowledged that the same deficiencies in the claim against the individual defendants "have caused the court to question its earlier ruling as to whether the fraud in the inducement claim against the corporate defendant, RA-Tech" should go forward. Mem. Op. 5, Mar. 12, 2014, Docket No. 36. The court granted the plaintiffs an opportunity to "fortify their complaint by alleging specific facts showing that the defendants possessed the requisite state of mind to commit fraud in the inducement." Id. The court also instructed that "[i]n the absence of such specific allegations, it may be appropriate for the court to dismiss the fraud in the inducement claim as against RA-Tech." Id.

Subsequently, the plaintiffs filed a second amended complaint. The defendants moved to dismiss the complaint under Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure, and the plaintiffs responded. Submitted on the pleadings, the matter is ripe for disposition.

## Discussion

I. **Legal Standards**

As the court summarized in its November 12, 2013 memorandum opinion:

> A Rule 12(b)(6) motion tests the legal sufficiency of a complaint; it does not "resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." See Butler v. United States, 702 F.3d 749, 752 (4th Cir. 2012) (quoting Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). When ruling on the defendants' motion to dismiss, this court must accept all facts alleged in the complaint as true, drawing all reasonable inferences in favor of the plaintiffs. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Erickson [v. Pardus], 551 U.S. [89,] 94 [(2007)]. However, this court need not accept as true any legal conclusion disguised as a factual allegation. Iqbal, 556 U.S. at 679–81. The plaintiffs' factual allegations need not be detailed, but they must offer more than "labels and conclusions" or a "formulaic recitation of the elements of [the] cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). These facts must "be enough to raise a right to relief above the speculative level." Id.

2

> Fraud claims are subject to a heightened pleading standard under the Federal Rules of Civil Procedure. Rule 9(b) requires that a party "alleging fraud . . . must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). Under that rule, the claimant must plead with particularity "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999). "[L]ack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)." Id. at 783 n.5.

Mem. Op. 4, Nov. 12, 2013, Docket No. 19.

As the plaintiffs correctly state in their response to the defendants' instant motion to dismiss, Rule 9(b) also provides that, in an action for fraud, "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "But 'generally' is a relative term." Iqbal, 556 U.S. at 686. Although Rule 9(b) "excuses a party from pleading [] intent under an elevated pleading standard, . . . [i]t does not give him license to evade the less rigid—though still operative—strictures of Rule 8." Id. at 686–87. "Rule 8 does not empower [the plaintiffs] to plead the bare elements of [their] cause of action, affix the label 'general allegation,' and expect [the] complaint to survive a motion to dismiss." Id. at 687. The complaint must articulate facts, not merely conclusory allegations, sufficient to show "a 'plausible' claim for relief." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 377 (4th Cir. 2012).

## II. Analysis

"To state a cause of action for fraudulent inducement of contract under Virginia law, a plaintiff must allege that the defendant made misrepresentations [that] were positive statements of fact, made for the purpose of procuring the contract; that they are untrue; that they are material; and that the party to whom they were made relied upon them, and was induced by them to enter into the contract." Enomoto v. Space Adventures, Ltd., 624 F. Supp. 2d 443, 452 (E.D. Va. 2009) (internal quotation marks and citations omitted). After poring over the second amended complaint, the court is now convinced that the fraud in the inducement claim must be dismissed against all defendants.

3

Under Rule 8, as interpreted by the United States Supreme Court in Iqbal and Twombly, the plaintiffs cannot state a claim for fraud in the inducement by simply asserting that "the representations made in R[A]-Tech's proposal were false at the time they were submitted to the Plaintiffs, and Defendants entered into the Agreements with no intention of performing in accordance with the Agreements." Second Am. Compl. ¶¶ 15, 31. Nor is the court bound to accept the plaintiffs' strained conclusions: "The only reason Defendants would have promised to deliver certain property, and then failed to do so, is because of their motive to defraud the Plaintiffs by inducing the Plaintiffs to enter into an agreement with them." Second Am. Compl. ¶ 31. Recitation of the elements of the claim, coupled with mere speculation, is not enough to satisfy Iqbal and Twombly—facts are required.

While the second amended complaint certainly includes more facts than the first, it continues to lack "allegations of circumstantial evidence, much less direct evidence, supporting the inference that Mr. Spane or Mr. Sutphin knew that the Kenwood repeaters[, or any other specified equipment,] were material, and used that knowledge to induce the plaintiffs to accept RA-Tech's proposal." Mem. Op. 4, Mar. 12, 2014, Docket No. 36. Despite the court's guidance on this issue,* the expanded facts do not support the plaintiffs' assertion that Mr. Spane and Mr. Sutphin specified particular equipment in RA-Tech's proposal for the purpose of procuring the contract, but never intended to provide the equipment specified. Although Count I of the second amended complaint states that "the Defendants made false written and oral representations to the Plaintiffs in the form of . . . statements in support of the proposal," Second Am. Compl. ¶ 33, the plaintiffs neither state the "time, place, and contents" of these false statements, nor identify who made them. Harrison, 176 F.3d at 784.

---

\* In its March 12, 2014 memorandum opinion, the court offered the following examples of facts that would support the inference that the individual defendants participated in the bidding process with fraudulent intent:

> [F]or example, that the defendants knew that the use of Kenwood repeaters was of particular importance to the counties; that the compatibility of the counties' systems depended upon the use of Kenwood repeaters; that the parties bargained for Kenwood repeaters as part of their negotiations; or that the counties' request for proposals expressly solicited Kenwood repeaters. Mem. Op. 4, Mar. 12, 2014, Docket No. 36.

4

The plaintiffs' factual allegations regarding the bidding process are sparse. In response to the plaintiffs' request for proposals, Mr. Sutphin signed and submitted a proposal on behalf of RA-Tech on June 18, 2009. Second Am. Compl. ¶ 9. At that time, the defendants "knew that theirs was the only proposal made in response to the [request for proposals]." Id. at ¶ 10. No other proposals were received. Id. The proposal "contained detailed lists of hardware to be provided to Plaintiffs as part of the Agreements, including specific quantities and prices for each proposed item." Id. at ¶ 13. For example, the defendants proposed to provide the plaintiffs with "a total of eight (8) Kenwood TKR 7400P 110W P25 digital repeaters at various locations throughout the two Counties, at a cost per unit of $15,950.00" and "thirty-eight (38) Airmux 400 Microwave systems[,] at a price per unit of $8,700." Id. at ¶¶ 17, 20. "The Agreements, drafted by Defendants, specifically incorporated R[A]-Tech's proposal and the detailed listing of equipment and prices." Id. at ¶ 13.

The remaining factual allegations concern actions taken well after contract formation and fail to "demonstrate the defendant[s'] intent (at the time the promises [were] made) never to abide by the terms of the contract." Out of Chaos, Ltd. v. AON Corp., 15 F. App'x 137, 142 (4th Cir. 2001). The plaintiffs' repeated allegations that the defendants knowingly substituted inferior, substandard and defective equipment, without written authorization as required by the contracts, are clearly insufficient to support a claim for fraud in the inducement. Otherwise, every claim for breach of contract could be converted into a tort claim for fraud in the inducement, in direct conflict with Virginia's economic loss doctrine. See Sensenbrenner v. Rust, Orling & Neale, Architects, Inc., 236 Va. 419, 425 (1988) ("Tort law is not designed . . . to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement.").

5

Similarly, the plaintiffs' allegations that the defendants "falsely represented that the work had been performed in accordance with all contract specifications" and later submitted invoices for full payment are inadequate. Second Am. Compl. ¶ 23; compare Out of Chaos, 15 F. App'x at 143 (finding that a plaintiff who, among other allegations, asserts that defendant "made fraudulent statements and issued fraudulent documents stating that it had [complied with its contractual obligations]" fails to state a claim for fraudulent inducement), and Richmond Metro. Auth. v. McDevitt Street Bovis, Inc., 256 Va. 553, 559–60 (1998) (finding that "[n]othing in the record suggests that [the defendant] did not intend to fulfill its contractual duties" at the time of contracting despite plaintiff's allegation that the defendant later "[submitted] applications for payment containing misrepresentations"), with Flip Mortg. Corp. v. McElhone, 841 F.2d 531, 537 (4th Cir. 1988) (finding evidence that the defendants "began submitting false revenue reports almost from the moment the contract was signed" to be circumstantial evidence that the defendants "never intended to abide by the terms of the contract") (emphasis added).

While the additional factual allegations included in the plaintiffs' second amended complaint may bolster the plaintiffs' claim for breach of contract, they shed no light on the defendants' state of mind during the bidding process. Stated differently, the second amended complaint fails to state sufficient facts from which it can be inferred or implied that the individual defendants participated in the bidding process with fraudulent intent. Since a corporation acts only through its agents, the claim for fraud in the inducement must be dismissed in its entirety.

As a final matter, to the extent that the plaintiffs assert in their second amended complaint a breach of contract claim against the individual defendants, that claim was dismissed with prejudice by prior court order. Mem. Op. & Order, Nov. 12, 2013, Docket No. 19. The breach of contract claim will continue against the corporate defendant, RA-Tech, alone.

## Conclusion

For the foregoing reasons, the court will grant the defendants' motion to dismiss. The plaintiffs' claim for fraud in the inducement will be dismissed with prejudice against all defendants, and the case will continue on the only remaining claim—breach of contract against the corporate defendant, RA-Tech. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to Dale W. Sutphin and all counsel of record.

ENTER: This 29th day of May, 2014.

_____
Chief United States District Judge